UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MIGUEL M. and CORINA RIOS,
Husband and Wife, and as parents and
of next friend of AMI and ROXANNE RIOS,
minor children,

       Plaintiffs,

vs.                                                  CIV 00-68 KBM/LCS – ACE

UNITED STATES ex. rel U.S. DEPARTMENT
OF JUSTICE, IMMIGRATION AND NATURALIZATION
SERVICE, and UNITED STATES BORDER PATROL,

       Defendants.

## MEMORANDUM OPINION AND ORDER

      This case arises out of the investigation of Plaintiff Miguel Rios' immigration status, which he asserts resulted in his arrest in the presence of his family. Plaintiffs' Complaint alleges violations of Sections 1983 and 1985(3) of Title 42, the Federal Torts Claims Act, 28 U.S.C. §§ 2671 *et. seq* ("FTCA"), and the New Mexico Torts Claims Act, N.M. STAT. ANN. §§ 41-4-1. By stipulation, the two state defendants were dismissed. *Doc. 92*. The remaining defendants are the United States Immigration and Naturalization Service and United States Border Patrol of the United States Department of Justice. There are no individual federal defendants named in the Complaint. The matter now is before the Court on the United States' Motion to Dismiss and for Summary Judgment. *Doc. 95*. Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. I find the motion well-taken and will dismiss all remaining claims with prejudice.

## I. Motion Complies With Local Rules

Counsel for Plaintiffs argues that the instant motion violates the local "packet rule" because Defendant filed it electronically. However, the Court previously granted Defendants' motion to file electronically with our Advanced Court Engineering project ("ACE"), the entry of which dispenses with the Court's unique "packet rule." *See Doc. 7.* The Court's ACE order has never been vacated, nor have Plaintiffs ever moved to have it vacated. Counsel asserts that he was told that because he "has not enrolled in the ACE program . . . further motions . . . would not be heard by electronic filing." *Doc. 96* at 4. I suspect counsel misconstrued an explanation of what commonly happens in ACE cases. The ACE order permits parties to file electronically but does not require all parties to do so if they choose not to. Their choice not to file electronically, however, does not resurrect application of the Court's packet rule.

Counsel also states that the United States seems to have altered the size of the font of its pleadings to comply with the Court's local rules on page limitations. However, it appears to me that the font size in the body of the United States' pleadings is the same size as Plaintiff's, though a different font style. The footnotes are in a smaller font, but our local rules do not address font size. *See* D.N.M.LR-C<small>IV</small>. 10.1. Thus, I find that the motion is in compliance with our local rules.

## II. No Claims Brought Under The New Mexico Tort Claims Act Remain

In their response, Plaintiffs acknowledge that they are not pursuing claims under the state statute against the remaining federal defendants. *See Doc.* 96 at 9.

## III. Complaint Fails To State Constitutional Claims Against Remaining Defendants

Plaintiffs contend that their "constitutional torts are alive and well against the federal agencies acting by and through Border Patrol Agent Hernandez," *Doc. 96* at 14, who "was acting

2

in concert with Hatch Police Officer Terry Lewis in this incident," *id.* at 15.  Agent Hernandez responded to Officer Lewis' report that Miguel Rios was illegally in this country by questioning Miguel Rios at his residence.  Unable to verify Mr. Rios' status by car radio due to poor reception,  Mr. Rios accompanied Agent Hernandez to the nearby Border Patrol station so Agent Hernandez could investigate further.

Apparently Plaintiffs desire to pursue an action against Agent Hernandez individually under *Bivens* as well as § 1983 and §1985(3), and seek to hold the United States liable for his allegedly unconstitutional actions.  Yet Plaintiffs have neither made Agent Hernandez a party to this suit nor moved to amend the Complaint to do so.  Although Agent Hernandez is mentioned in the Complaint, he was not named as a defendant and has not been served with the Complaint.  Indeed, Count II of Plaintiffs' Complaint only alleges a § 1985(3) against the now-dismissed state defendants – "Count II is a claim for recovery . . . against Defendant Lewis, sued individually and in his official capacity as a police officer of Defendant Village of Hatch."  *Complaint,* ¶ 33.  Similarly, Plaintiff's § 1983 claim in Count I mentions only Officer Lewis as an individual "state" defendant and is  – "a claim for recovery . . . against . . . Defendant Lewis and others, sued individually and in their official capacities as police officers of Defendant Village of Hatch . . . acting under color of state law." *Id.,* ¶27.

On their face, neither of these counts state a claim against the United States or Agent Hernandez, who is not a Hatch officer.  Moreover, there is no action against the United States or its agencies for damages for constitutional violations.  *See Dry v. United States,* 235 F.3d 1249, 1255 (10th Cir. 2000) (Fourteenth Amendment and § 1983 claims not applicable to federal government); *Dahn v. United States,* 127 F.3d 1249, 1254 (10th Cir. 1997) ("United States and its

3

agencies are not subject to suit under *Bivens.*"); *Ricca v. United States,* 488 F.Supp. 1317, 1325 (E.D.N.Y. 1980) ("The United States, moreover, has not waived its immunity from suit under 42 U.S.C. §§ 1983, 1985(3), even for claims not barred by § 2680(h) of the Federal Tort Claims Act."). Thus, Plaintiffs fail to state § 1983 and 1985(3) claims against the presently-named United States defendants.

In essence, Plaintiffs' response regarding Agent Hernandez seems a request to amend their complaint to add him as a party. Assuming for the purposes of argument that the allegation Agent Hernandez "conspired" would be sufficient to find he acted under color of state law as well as in his federal capacity, any attempt now to join him now would be futile. The incident in question took place on January 22, 1998. Therefore, the applicable three-year statute of limitations for *Bivens,* § 1983 and § 1985(3) suits in New Mexico expired on January 21, 2001. *See e.g., Industrial Constructors Corp. v. United States Bureau of Reclamation,* 15 F.3d 963, 968 (10th Cir. 1994) *(Bivens* and § 1983 governed by New Mexico three-year statute of limitations); *Bougher v. University of Pittsburgh,* 882 F.2d 74, 79 (3rd Cir. 1989) (§ 1985(3) claim subject to same statute of limitations as § 1983 claims). In addition, because the "United States is the only proper defendant in an FTCA action," *Oxendine v. Kaplan,* 241 F.3d 1272, 1274 n.4 (10th Cir. 2001) (citations omitted), Agent Hernandez could not be brought in on the FTCA claim.

Plaintiffs' sole response to the limitations issue is the assertion that the United States waived any such affirmative defense by not mentioning it in its Answer. This argument is beside the point. Agent Hernandez is not now a defendant nor was he at the time the United States filed its Answer. Accordingly, Defendants are entitled to dismissal of the constitutional claims.

### IV. Only Mr. Rios Can Maintain An FTCA Claim

#### A. *Mrs. Rios And The Children Did Not Exhaust Administrative Remedies*

The United States moves to dismiss the Plaintiff family members' FTCA claims for lack of subject matter jurisdiction. Despite Plaintiffs' protestations to the contrary, subject matter jurisdiction cannot be waived.

> As this court noted in *Tuck v. United Services Automobile Ass'n,* "[t]he Federal Rules of Civil Procedures [sic] direct that '[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.'" 859 F.2d 842, 844 (10th Cir. 1988) (quoting Fed.R.Civ.P. 12(h)(3)), *cert. denied,* 489 U.S. 1080 (1989). Moreover, "[a] court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974) (emphasis in original). Nor may lack of jurisdiction be waived or jurisdiction be conferred by "consent, inaction or stipulation." *Id.* Since federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof. *Id.*

*Penteco Corp. v. Union Gas System, Inc.,* 929 F.2d 1519, 1521 (10th Cir. 1991).

"As a jurisdictional prerequisite, the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *Duplan v. Harper,* 188 F.3d 1195 (10th Cir. 1999) (and cases and statutes cited therein). If claimants fail to present their administrative claim "in writing to the appropriate Federal agency within two years after such claim accrues," their "tort claim against the United States shall be forever barred." 28 U.S.C. § 2401(b). Moreover, each family member must file their own claim in order to bring suit. *E.g., Benjamin v. United States,* 85 F.Supp.2d 1035, 1037 (D. Colo. 2000) (and cases cited therein).

Following the incident, then-counsel for Plaintiffs wrote a letter to the Border Patrol in April 1998 informing it that Mr. Rios "and his family *may* file a claim" against it under the FTCA. *Doc. 95,* Exh. I (emphasis added).  Represented by another attorney, however, only Miguel Rios subsequently filed as a claimant on December 7, 1999 using the "Standard 95" form, seeking $100,000.00 in damages for wrongful arrest and violation of his civil rights.  As for his family members, the form only mentions them as witnesses to the incident.  *Id.*  Mr. Rios' claim was processed by the United States as a claim by him alone.

Plaintiffs argue that by attaching the April 1998 letter to Mr. Rios' Standard 95 form, the government was on notice of the family members' claims.  More is required, however, specifically a "sum certain."

> We recognize that 28 C.F.R. § 14.2(a) allows for notification to the appropriate agency in a form other than an SF95.  The regulation, however, still requires that there be written notification, plus a claim in a sum certain, in order to be considered adequate notice. *Henderson v. United States,* 785 F.2d 121, 123 and n. 10 (4th Cir. 1986). . . .  Failure to comply with the sum certain requirement results in the case being treated "as if no administrative claim had ever been filed." *Caidin v. United States,* 564 F.2d 284, 287 (9th Cir. 1977).

*Bradley v. United States,* 951 F.2d 268, 271(10th Cir. 1991); *see also Benjamin,* 85 F.Supp.2d at 1035; *Hager v. Swanson Group,* 916 F.Supp. 447, 449 (E.D. Pa. 1996).  The April letter neither identifies what each family member is claiming as injury nor how much each sought in compensation.  Indeed, the letter indicates only that a claim *may* be forthcoming, not that a claim was being made.  Thus, the letter is insufficient to serve as a substitute claim format.  Because the family members did not file their own claims and the time to do so has expired, this Court has no jurisdiction over their FTCA claims and they will be dismissed.

### *B.  Mr. Rios Lacks Proof Of Damages*

"In FTCA cases, damages are determined by the law of the state where the tortious act was committed."  *See* 28 U.S.C. § 1346(b); *United States v. Haskin,* 395 F.2d 503, 507 (10th Cir. 1968). *Moore v. United States Bureau of Prisons,* 129 F.3d 131 (10th Cir. 1997) (unpublished). Among other things, the United States moves for summary judgment on the FTCA claim on the ground that Mr. Rios cannot prove damages.  I find this issue dispositive.

Mr. Rios responds that damages are a jury issue and that punitive damages are recoverable under the FTCA.  *Doc. 96* at 16.  Neither proposition is correct.  Mr. Rios is not entitled to a jury trial nor to punitive damages against the United States.  *See e.g., Molzof v. United States,* 501 U.S. 301, 312 (1992) (punitive damages not recoverable against United States in FTCA action); 28 U.S.C. § 2647 ("The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages."); *see also e.g., Carlson v. Green,* 446 U.S. 14, 22 (1980) (plaintiff cannot opt for a jury in an FTCA action, citing 28 U.S.C. § 2402).

Mr. Rios does not challenge the United States' position, supported by testimony, that he cannot prove damages for physical injury, psychological injury, or lost wages.  *See Doc. 95,* Undisputed Facts 59-64.  The sole potential issue of dispute is whether Mr. Rios has produced sufficient evidence of lost business income to survive summary judgment.  In support of its position that Mr. and Mrs. Rios cannot quantify a drop in patronage to their restaurant after the incident, the United States cites the following portions of their depositions:

> Q. You told us earlier, you testified that INS agents would come through the restaurant all the time to eat. Do you know which ones would come through the restaurant all the time to eat? Were there any regulars?
> A. Many very different ones.
> Q. Did different INS agents still come through the restaurant to eat after January of 1998?
> A. Yes.
>
> * * * * *
>
> Q. Before January of '98, would any border patrol agents frequent the restaurant on a regular basis?
> A. There's different ones that go in there, and just grab something to go.
> Q. Did that change, that border patrol traffic, did that change in any way after January of '98?
> A. Some. Not – I couldn't say how much because –
> Q. Well, it sounds like before January of '98, you didn't have any border patrol regulars?
> A. Not regulars. The same face?
> Q. Right.
> A. No.
> Q. So after January of '98, how can you tell if it really changes if you just had the occasional border patrol agents stopping in?
> A. Well I can't remember. I don't know.

*Doc. 95,* Exh. A at 226-27; Exh. B at 273-74.

Where, as here, a motion for summary judgment is supported by testimony, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, ***by affidavits or as otherwise*** provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(f) (emphasis added). Plaintiffs' response simply contains the unsupported assertions that they "have lost business income because law enforcement personnel have stopped eating at their café due to this incident," and that the "loss of business to the restaurant is not just from a decrease of border patrol patronage but from all law enforcement personnel," *Doc. 96* at 9, 16. The purely

speculative deposition testimony quoted above neither demonstrates any loss of business income, much less that the damages were caused by the alleged wrongful conduct as required by New Mexico law.  *See e.g.,* New Mexico Uniform Jury Instruction 13-1802.  Accordingly, the United States is entitled to summary judgment on the FTCA claim.

Wherefore,

**IT IS ORDERED** that the United States' Motion to Dismiss and for Summary Judgment *(Doc. 95)* is hereby GRANTED and disposes of all of the remaining claims against the remaining defendants.  Therefore, a final order dismissing the action will enter concurrently herewith.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent